## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| BULLETPROOF PROPERTY MANAGEMENT LLC, | §<br>§<br>§ | |
| *Plaintiff,* | §<br>§ | |
| v. | §<br>§ | Civil Action No. 1:25-cv-00665 |
| TESLA, INC.; JOHN DOES Nos. 1-20, unknown persons, | §<br>§<br>§ | |
| *Defendants.* | § | |

Plaintiff Bulletproof Property Management LLC ("Bulletproof"), by and through its undersigned attorneys, Buether Joe & Counselors, LLC, hereby brings this Complaint for patent infringement pursuant to 35 U.S.C. § 1 *et seq.* against Defendants Tesla, Inc. ("Tesla") and John Does Nos. 1–20, for Tesla's wanton and willful infringement of U.S. Patent No. 11,932,230 (the "'230 Patent"); U.S. Patent No. 12,221,104 (the "'104 Patent"); U.S. Patent No. 12,227,184 (the "'184 Patent"); U.S. Patent No. 12,233,871 (the "'871 Patent"); U.S. Patent No. 12,240,456 (the "'456 Patent"); U.S. Patent No. 12,240,457 (the "'457 Patent"); U.S. Patent No. 12,240,458 (the "'458 Patent") (collectively, the "Patents-in-Suit"); and alleges as follows:

## INTRODUCTION

1.     Many car rides begin with a vehicle reversing while backing out of a residential garage, driveway, or parking space before the car then eventually drives forward on the roadway, a process known as "unparking." Until recently, unparking could be particularly cumbersome and dangerous for drivers of "stalkless" vehicles, which lack traditional shift levers or stalks. Stalkless vehicles instead require operators to take their eyes off the road, and their hands off the steering wheel, to swipe a touchscreen to shift the car from reverse to drive before moving forward on the roadway. To address this issue, Bulletproof's Bennet Langlotz conceived and patented an

innovative solution called Vehicle Gear Selection Control, which is embodied in U.S. Patent No. 11,932,230, issued on March 19, 2024, by the United States Patent and Trademark Office ("USPTO"). *See* Exhibit 1 ('230 Patent).

2.    As an example for reference, the below diagram shows a car unparking by backing out of a perpendicular parking space in a parking lot, beginning in time with the car at position A, and ending in time with the car at position F, proceeding left to right through time:



While the car initially must move in reverse from position A, after it stops, between positions D and E, it "shifts" (either by changing gears or motor rotation direction) into drive and proceeds forward. (A more detailed explanation can be found *infra* in the Facts section.)

3.    The '230 Patent addresses this issue (among others), allowing the car to determine when a direction change is presumptively desired based on a pattern of steering angle movements, with no driver input needed.

4.    Mr. Langlotz devised this invention specifically for safety and convenience purposes. He is a gifted engineer and prolific inventor with numerous patents to his name across a wide range of technologies, several of which have been commercialized. Mr. Langlotz was concerned that for many drivers, backing out of a parking space or garage is a too-frequent occasion requiring them to take their eyes off the road, and hands off the wheel, to find the right location to swipe to proceed, and this vulnerability can occur every time they leave their homes, or exit a parking space. So he invented the '230 Patent as a safety improvement solution that would

be particularly attractive for car makers lacking conventional shifting levers or stalks, and with advanced computerized driving capabilities.

5.     One such motor vehicle company that aggressively pursues computerized driving advances is Tesla. Its CEO, Elon Musk, frequently touts Tesla's advanced driving capabilities as a major selling point, especially to provide enhanced convenience and safety.

6.     Accordingly, the '230 Patent's technology would be a natural and worthwhile addition to Tesla's systems, as Tesla previously had not solved the shifting problem during unparking or forward movement. *Road & Track* had even labeled Tesla's stalkless design that requires swipe-to-shift for unparking as a "bad design."

7.     Yet rather than work constructively with Plaintiff to legally and ethically obtain the rights to use of the '230 Patent's technology, Tesla wantonly and willfully infringed the '230 Patent despite knowing full well that Plaintiff owned it and had not authorized Tesla to use it.

8.     Plaintiff indisputably informed Tesla of the '230 Patent in March of 2024, as reflected in back-and-forth correspondence between Mr. Langlotz and Tesla's counsel. But in May 2024, without any authorization from Plaintiff, Tesla sent a system update to a substantial portion of its vehicles that infringes the '230 Patent—Tesla calls it the "Auto Shift" feature, which it told owners "can shift between Drive and Reverse . . . without using the touchscreen based on your surroundings."[1] Tesla's official account on X (formerly Twitter), the social media platform owned by Mr. Musk, confirmed that "Auto Shift" is offered on many of Tesla's models, stating that "Auto Shift between D & R [drive and reverse] is available on newer [Tesla] Model S, 3, X, Y."[2]

---

[1] *See* Tesla, *Model S Owner's Manual: Shifting* (last visited Mar. 27, 2025), *available at* https://www.tesla.com/ownersmanual/models/en_us/GUID-E9B387D7-AFEF-4AAF-8685-4FE71E09287D.html.

[2] Tesla (@Tesla), X (Mar. 12, 2025, 3:29 PM), https://x.com/Tesla/status/1899905652375293963.

9.     Indeed, Tesla's "Auto Shift" feature introduced in May 2024 illicitly incorporates the '230 Patent's invention. Despite Mr. Langlotz's demands that Tesla cease using the '230 Patent in its vehicles, Tesla continues to offer the infringing "Auto Shift" feature and thus infringes the '230 Patent in hundreds of thousands, or potentially more, of its vehicles today. Perhaps Tesla's willful infringement should not be surprising, considering CEO Elon Musk's recent support of the notion "that the U.S. should 'delete all IP law.'"[3]

10.     Tesla not only itself directly infringes Plaintiff's '230 Patent, but also knowingly and willfully induces hundreds of thousands, or even millions, of its customers to also violate Plaintiff's intellectual property rights in the '230 Patent every day.

11.     Additionally, in early 2025, the USPTO issued six (6) follow-on patents to Bulletproof related to the '230 Patent. *See* Exhibit 2 (U.S. Patent No. 12,221,104 (issued Feb. 11, 2025)); Exhibit 3 (U.S. Patent No. 12,227,184 (issued Feb. 18, 2025)); Exhibit 4 (U.S. Patent No. 12,233,871 (issued Feb. 25, 2025)); Exhibit 5 (U.S. Patent No. 12,240,456 (issued Mar. 4, 2025)); Exhibit 6 (U.S. Patent No. 12,240,457 (issued Mar. 4, 2025)); Exhibit 7 (U.S. Patent No. 12,240,458 (issued Mar. 4, 2025)) (collectively, the "Follow-On Patents").

12.     Plaintiff is now forced to bring this action to vindicate its rights, as preliminary discussions with Tesla's counsel regarding the '230 Patent have been fruitless and accordingly Plaintiff has no reason to believe that further discussions regarding the Follow-On Patents would produce a different result.

---

[3] Jean Leon, MSN, *Jack Dorsey, Elon Musk Think That The U.S. Should "Delete All IP Law"* (last visited May 1, 2025), https://www.msn.com/en-us/money/other/jack-dorsey-elon-musk-think-that-the-us-should-delete-all-ip-law/ar-AA1CT9uU.

## THE PARTIES

13.     Plaintiff Bulletproof Property Management LLC is a limited liability company duly organized and existing under the laws of the State of Wyoming, having a principal place of business at 1621 Central Avenue, Cheyenne, Wyoming 82001. Bennet Langlotz is the sole owner and principal of Bulletproof.

14.     Defendant Tesla, Inc., upon information and belief, is a corporation duly organized and existing under the laws of the State of Texas, having a principal place of business at 1 Tesla Road, Austin, Texas 78725.

15.     Defendants John Does Nos. 1–20 are persons, including individuals and/or entities, whose identities are, as yet, unknown to Plaintiff. These John Does may include persons who designed, marketed, implemented, distributed, instituted, and/or approved Tesla's use of the infringing "Auto Shift" feature in its vehicles.

## JURISDICTION AND VENUE

16.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) ("original jurisdiction of any civil action arising under any Act of Congress relating to patents").

17.     This Court has personal jurisdiction over Defendant Tesla, Inc., by virtue of the facts that it (i) resides in the State of Texas; (ii) operates, conducts, engages in and is carrying on a business or business venture in the State of Texas; (iii) has an office in the State of Texas; (iv) has transacted business within the State of Texas on a regular and consistent basis; and (v) has infringed Plaintiff's patent within the State of Texas.

18.     Upon information and belief, this Court has personal jurisdiction over Defendants John Does Nos. 1–20 by virtue of the fact that they have transacted business within the State of

Texas on a regular and consistent basis and *inter alia*, caused, assisted, implemented, instituted, and/or approved Tesla's direct and/or indirect infringement of the '230 Patent.

19.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(2)–(3), (c)(2) and 28 U.S.C. § 1400(b) including because, upon information and belief, Tesla's headquarters are located in Austin, Texas.

## FACTS

### I.     Plaintiff Bulletproof Owns All Rights, Title, And Interest To The '230 Patent, A Novel Solution To A Significant Safety Problem With Autonomous Cars Unparking

20.     On March 19, 2024, the United States Patent and Trademark Office duly and legally issued U.S. Patent Number 11,932,230, entitled "Vehicle Gear Selection Control." *See* Exhibit 1. Plaintiff Bulletproof Property Management LLC owns all rights, title, and interest to the '230 Patent and has continuously owned and held the '230 Patent since the date it was granted.

21.     Bennet Langlotz is Bulletproof's principal and the inventor of the '230 Patent. Mr. Langlotz has already enjoyed a career as an engineer and prolific inventor, with numerous patents to his name. His patents have been commercialized across different technologies and industries, including automotive, firearms, and hand tools.

22.     Mr. Langlotz initially conceived of his Vehicle Gear Selection Control invention while driving his wife's Tesla Model X. He noticed that while "unparking" or backing out of his driveway, he needed to take his eyes off the road, and his hands off the steering wheel, to swipe a screen to shift the car from reverse into drive, with some initial uncertainty about whether up or down was forward. He later learned that *Road & Track* labeled the stalkless configuration that carries these disadvantages as a "bad design." And through the date of the issuance of the '230 Patent, neither Tesla nor other carmakers had figured out how to adequately address the issue that had existed for several years.

23.    Mr. Langlotz intuited that a safer and better system could be invented for the unparking process and other directional movements. Since so many car trips begin with the driver backing out of either a residential driveway or a parking space by using a recognizable pattern of non-shifting vehicle control inputs, Mr. Langlotz realized that the process could be largely automated by the vehicle recognizing these patterns without screen-swiping or other directional input from the vehicle operator; this would decrease driver distraction, improve convenience, and keep the driver's eyes on the road and hands safely on the wheel.

24.    The below diagram depicts a car unparking from a perpendicular parking spot in a parking lot over time, starting at position A and ending at position F:



Initially, at point A, the car moves in reverse, with the wheel turned clockwise at about point B, so that the car reverses to the right. After stopping at point D, the wheel is turned the other way, *i.e.*, counterclockwise as shown at step E, as shown in the top portions of the diagram. Between D and E the vehicle shifts from reverse into drive, and the car is driving forward by position F.

7

25.     As explained in the '230 Patent, the motor vehicle's "controller is operable to offer an auto-shift and enact the auto shift in response to a user acceptance action on the driver input." Ex. 1. The driver's acceptance of the automatically-proposed direction change could be indicated in a number of ways, including brake application (as but one example).

26.     Additionally, the vehicle's timing mechanism—when to offer to auto-shift while unparking—could be based on a number of different criteria. As further set forth in claim 18 of the '230 Patent: "the offer of an auto-shift [is] being based on at least one of time traveled from a parked position, distance traveled from a parked position, velocity of travel since parked, steering angle, and vehicle location." *See id.*

27.     At bottom, the '230 Patent provides a more streamlined, automatic, convenient, and most importantly, *safer* system and method for motor vehicles to unpark.

## II.     Tesla Declines To License The '230 Patent And Instead Willfully Infringes It With Its "Auto Shift" Feature Introduced To Tesla Vehicles in May 2024

28.     Prior to Plaintiff's '230 Patent, Tesla had not solved its issue with unparking discussed above, namely, that Tesla drivers needed to locate and swipe a prompt to shift from reverse to drive when unparking.

29.     On or about March 19, 2024, after the USPTO officially granted and issued the '230 Patent, Mr. Langlotz sent a letter to Tesla attaching the '230 Patent and proposing discussions about licensing.

30.     Tesla indisputably received this letter and thus knew about the '230 Patent, as its counsel replied to Mr. Langlotz's letter via email on or about May 2, 2024. Plaintiff and Tesla never entered into a licensing agreement (or any agreement) regarding the '230 Patent.

31.     Nevertheless, in or about mid-May 2024, Tesla provided a software update to its motor vehicles including the "Auto Shift" feature that infringes the '230 Patent because it uses

essentially the same process and system described therein that Mr. Langlotz invented and patented.

32.    Mr. Langlotz immediately wrote to Tesla's counsel via email on May 15, 2024, averring that "at least claims 1–6, 10–12, and 17–18 [of the '230 Patent] are infringed, and likely others may prove to be with a detailed analysis of operation or the underlying software rules." He further demanded that "Tesla cease and desist from allowing the use of this feature and any additional distribution of the feature."

33.    Tesla did not cease and desist distributing, and allowing use of, the infringing "Auto Shift" feature. Moreover, Tesla's counsel never provided any real, substantive rebuttal to Mr. Langlotz's email accusing it of infringement. Rather, Tesla's counsel turgidly asserted, without explanation, that "[a]fter reviewing the '230 patent, we have determined that a license to that patent is not necessary for Tesla's Autoshift feature that we have been developing over the past several years."

34.    But, setting aside that it is irrelevant, Tesla had not "been developing" the features embodied in the '230 Patent "over the past several years"—which is self-evident from its own filings with the United States Patent & Trademark Office. Mr. Langlotz invented the technology in the '230 Patent and "Auto Shift" feature first, fair and square, and Tesla has no right to knowingly disregard and trample upon Plaintiff's intellectual property rights.

35.    Upon information and belief, to this day, Tesla still provides for use of the infringing "Auto Shift" feature to at least hundreds of thousands, possibly approaching or exceeding one million, of its motor vehicles, and in doing so induces hundreds of thousands of others to concomitantly infringe Bulletproof's '230 Patent each day. In fact, in March 2025, Tesla stated on X, Elon Musk's social media platform, that "Auto Shift between D & R [drive and

reverse] is available on newer [Tesla] Model S, 3, X, Y."[4] And the Owner's Manuals for the Model S, the Model X, the Model 3, and the Model Y all indicate use of the "Auto Shift" feature.[5]

### III.  Tesla Also Willfully Infringes Plaintiff's Follow-On Patents

36.  Plaintiff Bulletproof Property Management LLC owns all rights, title, and interest to the Follow-On Patents and has continuously owned and held the Follow-On Patents since the dates they were granted. *See* Exhibits 2–7.

37.  For reasons similar to those set forth above, Tesla motor vehicles with the "Auto Shift" feature infringe the Follow-On Patents because it uses essentially the same process and system as Mr. Langlotz invented and patented as embodied in the Follow-On Patents.

38.  Collectively, the Tesla products that infringe the '230 Patent and the Follow-On Patents are referred to as the "Accused Products." These include, but are not limited to, the Model S, Model X, Model 3, and Model Y.

### COUNT I
### Direct Patent Infringement of the '230 Patent, 35 U.S.C. § 271(a)

39.  Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

40.  Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '230 Patent. The '230 Patent is presumed valid under 35 U.S.C. § 282.

---

[4] Tesla (@Tesla), X (Mar. 12, 2025, 3:29 PM), https://x.com/Tesla/status/1899905652375293963.

[5] *See* Tesla, *Model S Owner's Manual: Shifting* (last visited Mar. 27, 2025), *available at* https://www.tesla.com/ownersmanual/models/en_us/GUID-E9B387D7-AFEF-4AAF-8685-4FE71E09287D.html; Tesla, *Model X Owner's Manual: Shifting* (last visited Mar. 27, 2025), *available at* https://www.tesla.com/ownersmanual/modelx/en_us/GUID-E9B387D7-AFEF-4AAF-8685-4FE71E09287D.html; Tesla, *Model 3 Owner's Manual: Shifting* (last visited Mar. 27, 2025), *available at* https://www.tesla.com/ownersmanual/model3/en_us/GUID-E9B387D7-AFEF-4AAF-8685-4FE71E09287D.html; Tesla, *Model Y Owner's Manual: Shifting* (last visited Mar. 27, 2025), *available at* https://www.tesla.com/ownersmanual/modely/en_us/GUID-E9B387D7-AFEF-4AAF-8685-4FE71E09287D.html.

41.     Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '230 Patent.

42.     Tesla has infringed and continues to directly infringe the '230 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '230 Patent.

43.     By making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States the Accused Products, Tesla and all Defendants have injured Plaintiff and are liable to Plaintiff for directly infringing one or more claims of the '230 Patent.

44.     As a result of Tesla's and all Defendants' infringement of the '230 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

## COUNT II
### Inducing Patent Infringement of the '230 Patent, 35 U.S.C. § 271(b)

45.     Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

46.     Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '230 Patent. The '230 Patent is presumed valid under 35 U.S.C. § 282.

47.     Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '230 Patent.

48.     Tesla and all Defendants knew about the '230 Patent and the Accused Products' infringement of that patent, including because Plaintiff informed Tesla's counsel about the '230 Patent via correspondence exchanged back-and-forth with him beginning in March 2024 and thereafter when the infringing "Auto Shift" feature was released and Mr. Langlotz notified Tesla that it infringed the '230 Patent and demanded that Tesla cease and desist allowing use and distribution of it.

49.     Tesla and all Defendants knowingly took active steps to induce end-users and other third parties in the United States to engage in direct infringement of the '230 Patent since Tesla and all Defendants knew that when the Accused Products are used for their intended purpose by third parties and end users, such third parties and end users necessarily infringe the claims of the '230 Patent.

50.     Tesla and all Defendants possessed the specific intent to induce direct infringement of the '230 Patent's claims by end-users and other third parties.

51.     Tesla and all Defendants knew or should have known that testing, demonstrating, marketing, making, using, offering to sell, selling, distributing, allowing use of, implementing, and/or providing the Accused Products constituted infringement of one or more of the claims of the '230 Patent for all the reasons set forth in the previous paragraphs.

52.     As a result of Tesla's and all Defendants' inducing infringement of the '230 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's

and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

## COUNT III
### Direct Patent Infringement of the '104 Patent, 35 U.S.C. § 271(a)

53.    Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

54.    Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '104 Patent. The '104 Patent is presumed valid under 35 U.S.C. § 282.

55.    Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '104 Patent.

56.    Tesla has infringed and continues to directly infringe the '104 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '104 Patent.

57.    By making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States the Accused Products, Tesla and all Defendants have injured Plaintiff and are liable to Plaintiff for directly infringing one or more claims of the '104 Patent.

58.    As a result of Tesla's and all Defendants' infringement of the '104 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

## COUNT IV
### Inducing Patent Infringement of the '104 Patent, 35 U.S.C. § 271(b)

59.     Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

60.     Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '104 Patent. The '104 Patent is presumed valid under 35 U.S.C. § 282.

61.     Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '104 Patent.

62.     Tesla and all Defendants knew about the '104 Patent and the Accused Products' infringement of that patent.

63.     Tesla and all Defendants knowingly took active steps to induce end-users and other third parties in the United States to engage in direct infringement of the '104 Patent since Tesla and all Defendants knew that when the Accused Products are used for their intended purpose by third parties and end users, such third parties and end users necessarily infringe the claims of the '104 Patent.

64.     Tesla and all Defendants possessed the specific intent to induce direct infringement of the '104 Patent's claims by end-users and other third parties.

65.     Tesla and all Defendants knew or should have known that testing, demonstrating, marketing, making, using, offering to sell, selling, distributing, allowing use of, implementing, and/or providing the Accused Products constituted infringement of one or more of the claims of the '104 Patent for all the reasons set forth in the previous paragraphs.

66.     As a result of Tesla's and all Defendants' inducing infringement of the '104 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's

14

and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

## COUNT V
### Direct Patent Infringement of the '184 Patent, 35 U.S.C. § 271(a)

67.    Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

68.    Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '184 Patent. The '184 Patent is presumed valid under 35 U.S.C. § 282.

69.    Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '184 Patent.

70.    Tesla has infringed and continues to directly infringe the '184 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '184 Patent.

71.    By making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States the Accused Products, Tesla and all Defendants have injured Plaintiff and are liable to Plaintiff for directly infringing one or more claims of the '184 Patent.

72.    As a result of Tesla's and all Defendants' infringement of the '184 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

## COUNT VI
### Inducing Patent Infringement of the '184 Patent, 35 U.S.C. § 271(b)

73.     Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

74.     Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '184 Patent. The '184 Patent is presumed valid under 35 U.S.C. § 282.

75.     Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '184 Patent.

76.     Tesla and all Defendants knew about the '184 Patent and the Accused Products' infringement of that patent.

77.     Tesla and all Defendants knowingly took active steps to induce end-users and other third parties in the United States to engage in direct infringement of the '184 Patent since Tesla and all Defendants knew that when the Accused Products are used for their intended purpose by third parties and end users, such third parties and end users necessarily infringe the claims of the '184 Patent.

78.     Tesla and all Defendants possessed the specific intent to induce direct infringement of the '184 Patent's claims by end-users and other third parties.

79.     Tesla and all Defendants knew or should have known that testing, demonstrating, marketing, making, using, offering to sell, selling, distributing, allowing use of, implementing, and/or providing the Accused Products constituted infringement of one or more of the claims of the '184 Patent for all the reasons set forth in the previous paragraphs.

80.     As a result of Tesla's and all Defendants' inducing infringement of the '184 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's

and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

## COUNT VII
### Direct Patent Infringement of the '871 Patent, 35 U.S.C. § 271(a)

81.    Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

82.    Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '871 Patent. The '871 Patent is presumed valid under 35 U.S.C. § 282.

83.    Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '871 Patent.

84.    Tesla has infringed and continues to directly infringe the '871 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '871 Patent.

85.    By making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States the Accused Products, Tesla and all Defendants have injured Plaintiff and are liable to Plaintiff for directly infringing one or more claims of the '871 Patent.

86.    As a result of Tesla's and all Defendants' infringement of the '871 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

## COUNT VIII
### Inducing Patent Infringement of the '871 Patent, 35 U.S.C. § 271(b)

87.    Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

88.    Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '871 Patent. The '871 Patent is presumed valid under 35 U.S.C. § 282.

89.    Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '871 Patent.

90.    Tesla and all Defendants knew about the '871 Patent and the Accused Products' infringement of that patent.

91.    Tesla and all Defendants knowingly took active steps to induce end-users and other third parties in the United States to engage in direct infringement of the '871 Patent since Tesla and all Defendants knew that when the Accused Products are used for their intended purpose by third parties and end users, such third parties and end users necessarily infringe the claims of the '871 Patent.

92.    Tesla and all Defendants possessed the specific intent to induce direct infringement of the '871 Patent's claims by end-users and other third parties.

93.    Tesla and all Defendants knew or should have known that testing, demonstrating, marketing, making, using, offering to sell, selling, distributing, allowing use of, implementing, and/or providing the Accused Products constituted infringement of one or more of the claims of the '871 Patent for all the reasons set forth in the previous paragraphs.

94.    As a result of Tesla's and all Defendants' inducing infringement of the '871 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's

and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

## COUNT IX
**Direct Patent Infringement of the '456 Patent, 35 U.S.C. § 271(a)**

95.     Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

96.     Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '456 Patent. The '456 Patent is presumed valid under 35 U.S.C. § 282.

97.     Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '456 Patent.

98.     Tesla has infringed and continues to directly infringe the '456 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '456 Patent.

99.     By making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States the Accused Products, Tesla and all Defendants have injured Plaintiff and are liable to Plaintiff for directly infringing one or more claims of the '456 Patent.

100.     As a result of Tesla's and all Defendants' infringement of the '456 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

## COUNT X
### Inducing Patent Infringement of the '456 Patent, 35 U.S.C. § 271(b)

101.    Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

102.    Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '456 Patent. The '456 Patent is presumed valid under 35 U.S.C. § 282.

103.    Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '456 Patent.

104.    Tesla and all Defendants knew about the '456 Patent and the Accused Products' infringement of that patent.

105.    Tesla and all Defendants knowingly took active steps to induce end-users and other third parties in the United States to engage in direct infringement of the '456 Patent since Tesla and all Defendants knew that when the Accused Products are used for their intended purpose by third parties and end users, such third parties and end users necessarily infringe the claims of the '456 Patent.

106.    Tesla and all Defendants possessed the specific intent to induce direct infringement of the '456 Patent's claims by end-users and other third parties.

107.    Tesla and all Defendants knew or should have known that testing, demonstrating, marketing, making, using, offering to sell, selling, distributing, allowing use of, implementing, and/or providing the Accused Products constituted infringement of one or more of the claims of the '456 Patent for all the reasons set forth in the previous paragraphs.

108.    As a result of Tesla's and all Defendants' inducing infringement of the '456 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's

and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

## COUNT XI
### Direct Patent Infringement of the '457 Patent, 35 U.S.C. § 271(a)

109.    Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

110.    Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '457 Patent. The '457 Patent is presumed valid under 35 U.S.C. § 282.

111.    Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '457 Patent.

112.    Tesla has infringed and continues to directly infringe the '457 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '457 Patent.

113.    By making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States the Accused Products, Tesla and all Defendants have injured Plaintiff and are liable to Plaintiff for directly infringing one or more claims of the '457 Patent.

114.    As a result of Tesla's and all Defendants' infringement of the '457 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

## COUNT XII
### Inducing Patent Infringement of the '457 Patent, 35 U.S.C. § 271(b)

115.    Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

116.    Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '457 Patent. The '457 Patent is presumed valid under 35 U.S.C. § 282.

117.    Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '457 Patent.

118.    Tesla and all Defendants knew about the '457 Patent and the Accused Products' infringement of that patent.

119.    Tesla and all Defendants knowingly took active steps to induce end-users and other third parties in the United States to engage in direct infringement of the '457 Patent since Tesla and all Defendants knew that when the Accused Products are used for their intended purpose by third parties and end users, such third parties and end users necessarily infringe the claims of the '457 Patent.

120.    Tesla and all Defendants possessed the specific intent to induce direct infringement of the '457 Patent's claims by end-users and other third parties.

121.    Tesla and all Defendants knew or should have known that testing, demonstrating, marketing, making, using, offering to sell, selling, distributing, allowing use of, implementing, and/or providing the Accused Products constituted infringement of one or more of the claims of the '457 Patent for all the reasons set forth in the previous paragraphs.

122.    As a result of Tesla's and all Defendants' inducing infringement of the '457 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's

and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

## COUNT XIII
### Direct Patent Infringement of the '458 Patent, 35 U.S.C. § 271(a)

123.    Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

124.    Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '458 Patent. The '458 Patent is presumed valid under 35 U.S.C. § 282.

125.    Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '458 Patent.

126.    Tesla has infringed and continues to directly infringe the '458 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '458 Patent.

127.    By making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States the Accused Products, Tesla and all Defendants have injured Plaintiff and are liable to Plaintiff for directly infringing one or more claims of the '458 Patent.

128.    As a result of Tesla's and all Defendants' infringement of the '458 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

## COUNT XIV
### Inducing Patent Infringement of the '458 Patent, 35 U.S.C. § 271(b)

129.     Plaintiff repeats and realleges each and every allegation set forth above in the preceding paragraphs of this Complaint as if fully set forth herein.

130.     Plaintiff Bulletproof is the owner of the entire right, title, and interest in and to the '458 Patent. The '458 Patent is presumed valid under 35 U.S.C. § 282.

131.     Plaintiff has not licensed or otherwise authorized Tesla or any Defendant to make, have made, use, offer for sale, sell, distribute, allow for use, export, or import any products that embody the inventions of the '458 Patent.

132.     Tesla and all Defendants knew about the '458 Patent and the Accused Products' infringement of that patent.

133.     Tesla and all Defendants knowingly took active steps to induce end-users and other third parties in the United States to engage in direct infringement of the '458 Patent since Tesla and all Defendants knew that when the Accused Products are used for their intended purpose by third parties and end users, such third parties and end users necessarily infringe the claims of the '458 Patent.

134.     Tesla and all Defendants possessed the specific intent to induce direct infringement of the '458 Patent's claims by end-users and other third parties.

135.     Tesla and all Defendants knew or should have known that testing, demonstrating, marketing, making, using, offering to sell, selling, distributing, allowing use of, implementing, and/or providing the Accused Products constituted infringement of one or more of the claims of the '458 Patent for all the reasons set forth in the previous paragraphs.

136.     As a result of Tesla's and all Defendants' inducing infringement of the '458 Patent, Plaintiff has suffered monetary damages, and seeks recovery adequate to compensate for Tesla's

and all Defendants' infringement in an amount to be proved at trial, together with interest and costs as fixed by the Court and enhanced damages for Tesla's willful infringement.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.      A judgment in favor of Plaintiff that Tesla and all Defendants have infringed the Patents-in-Suit, including but not limited to:

      i.      A judgment that Tesla and all Defendants have directly infringed, either literally and/or under the doctrine of equivalents, the Patents-in-Suit;

      ii.      A judgment that Tesla and all Defendants have induced infringement of the Patents-in-Suit; and/or

      iii.      A judgment that Tesla and all Defendants have contributorily infringed the Patents-in-Suit;

B.      A judgment and order requiring Tesla and all Defendants to pay Plaintiff damages resulting from Defendants' direct and/or induced and/or contributory infringement in accordance with 35 U.S.C. § 284, including but not limited to a reasonable royalty and/or lost profits; Tesla's and all Defendants' profits or gains of any kind from their acts of patent infringement; supplemental damages for any continuing post-verdict infringement through entry of the final judgment with an accounting as needed; compensation for infringing products released after the filing of this case that are not colorably different from the Accused Products; and pre-judgment and post-judgment interest and costs;

C.      A judgment and order finding that Tesla's and all Defendants' direct and/or induced and/or contributory infringement was willful, wanton, malicious, bad-faith, deliberate, consciously

wrongful, flagrant, and/or characteristic of a pirate and therefore awarding to Plaintiff enhanced and/or increased and/or treble damages including within the meaning of 35 U.S.C. § 284;

D.    A judgment and order that this is an exceptional case within the meaning of 35 U.S.C. § 285 and Plaintiff is therefore entitled to reasonable attorneys' fees;

E.    Any and all other further relief as the Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands trial by jury for all issues so triable as a matter of law.

Dated: May 5, 2025

Respectfully submitted,

Buether Joe & Counselors, LLC

By:    */s/ Christopher M. Joe*
Christopher M. Joe
State Bar No. 00787770
Chris.Joe@BJCIPLaw.com

1700 Pacific Avenue
Suite 4750
Dallas, Texas 75201
Telephone:    (214) 466-1272
Facsimile:    (214) 635-1828

PATRICK | DOERR PLLC

Michael S. Marron, Esq. (To seek admission
*Pro Hac Vice*)
Michael Patrick, Esq. (To seek admission
*Pro Hac Vice*)
Mark T. Doerr, Esq. (To seek admission *Pro
Hac Vice*)

**PATRICK | DOERR**

1501 Broadway, Suite 2310
New York, New York 10036
Telephone: (212) 680-4052

*Attorneys for Plaintiff Bulletproof Property
Management LLC*