IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| BULLETPROOF PROPERTY MANAGEMENT LLC,<br><br>  Plaintiff,<br><br> v.<br><br>TESLA, INC.; JOHN DOES Nos. 1-20, unknown persons,<br><br>  Defendants. | Case No. 1:25-cv-665-ADA |

## TESLA INC.'S RULE 12(b)(6) MOTION TO DISMISS

## **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. LEGAL STANDARD ........................................................................................................... 2

III. ARGUMENT ......................................................................................................................... 4

    A. Bulletproof's Direct Infringement Claims Should Be Dismissed ............................ 4

    B. Bulletproof's Indirect Infringement Claims Should Be Dismissed ......................... 6

        1. Bulletproof Does Not Adequately Plead Inducement ................................. 6

        2. Bulletproof Does Not Adequately Plead Contributory Infringement .......... 9

    C. Bulletproof's Willful Infringement Claims Should Be Dismissed ........................ 10

IV. CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**                                                                                     **Page(s)**

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*,
    2014 WL 2892285 (W.D. Tex. May 12, 2014) ...................................................................8, 9

*Aguirre v. Powerchute Sports, LLC*,
    2011 WL 3359554 (W.D. Tex. Aug. 4, 2011) ........................................................................7

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ....................................................................................................2, 5, 8

*Bayer Healthcare LLC v. Baxalta Inc.*,
    989 F.3d 964 (Fed. Cir. 2021) ............................................................................................11

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ..........................................................................................................1, 8

*BillJCo, LLC v. Apple Inc.*,
    583 F.Supp.3d 769 (W.D. Tex. Feb. 1, 2022) ...............................................................6, 7, 9

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) .........................................................................................1, 2, 5

*Castlemorton Wireless, LLC v. Bose Corp.*,
    2020 WL 6578418 (W.D. Tex. July 22, 2020) ......................................................................7

*Chhim v. Univ. of Texas at Austin*,
    836 F.3d 467 (5th Cir. 2016) ................................................................................................2

*De La Vega v. Microsoft Corp.*,
    2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ..................................................................1, 2

*DSU Med. Corp. v. JMS Co., Ltd.*,
    471 F.3d 1293 (Fed. Cir. 2006) .........................................................................................3, 6

*Fujitsu Ltd. v. Netgear Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010) ............................................................................................3

*Grecia Estate Holdings LLC v. Meta Platforms, Inc.*,
    605 F. Supp. 3d 905 (W.D. Tex. June 6, 2022) .....................................................................2

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. 93 (2016) ..........................................................................................................2, 10

*Inhale, Inc. v. Gravitron, LLC*,
    2018 WL 7324886 (W.D. Tex. Dec. 10, 2018) ................................................................9, 10

*Iron Oak Techs., LLC, v. Dell, Inc.*,
  2018 WL 1631396 (W.D. Tex. Apr. 4, 2018)..................................................................9

*Iron Oak Techs. v. Acer Am. Corp.*,
  2017 WL 9477677 (W.D. Tex. Nov. 28, 2017)..............................................................9

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
  2021 WL 3931910 (W.D. Tex. Sept. 1, 2021)................................................................8

*Ortiz & Assocs. Consulting, Inc. v. Ricoh USA, Inc.*,
  2023 WL 2904583 (W.D. Tex. at Apr. 11, 2023).......................................................3, 5

*Parity Networks LLC v. Cisco Sys., Inc.*,
  2019 WL 3940952 (W.D. Tex. July 26, 2019).............................................3, 6, 7, 10

*Roche Diagnostics Corp. v. Meso Scale Diagnostics*,
  LLC, 30 F.4th 1109 (Fed. Cir. 2022)..............................................................................6

*Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LLP*,
  2022 WL 299732 (W.D. Tex. Jan. 31, 2022) .................................................................8

*Vervain, LLC v. Micron Tech., Inc.*,
  2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .............................................................2, 5, 6

*WBIP, LLC v. Kohler Co.*,
  829 F.3d 1317 (Fed. Cir. 2016)....................................................................................10

**Statutes**

35 U.S.C. § 271................................................................................................................3, 4

U.S. Code § 284...................................................................................................................10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).........................................................................................................1

iii

Defendant Tesla, Inc. ("Tesla") files this motion to dismiss under Fed. R. Civ. P. 12(b)(6) and shows the Court as follows:

## I. INTRODUCTION

Bulletproof generically accuses Tesla of infringing seven different patents with 128 collective claims. And yet, Bulletproof fails to identify a single specific claim Tesla is alleged to infringe in this action and further fails to provide any specific basis that any of the 128 claims are infringed. Bulletproof provides only the conclusory allegation that certain Tesla products infringe because they "use essentially the same process and system Mr. Langlotz invented and patented" (*see* Dkt. 1 at ¶ 37) and that Tesla provides products that "satisfy each and every limitation" of Bulletproof's patents. *See* Dkt. 1 at ¶¶ 42, 56, 70, 84, 98, 112, 126.

This threadbare pleading is grounds for dismissal, as Bulletproof cannot plausibly assert infringement when it fails to identify or discuss any specific claims and limitations within the claims. *See Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1355 (Fed. Cir. 2021); *De La Vega v. Microsoft Corp.*, 2020 WL 3528411, at *5 (W.D. Tex. Feb. 11, 2020). As such, Bulletproof fails to "give the [D]efendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Bulletproof's allegations of indirect and willful infringement are defective for the additional reason that they rely on generalized and conclusory assertions—if at all. Bulletproof does not include any claim for contributory infringement yet asks for relief that includes a judgement of the same. *See* Dkt. 1 at Prayer for Relief, A.iii. With respect to inducement, Bulletproof's claim is riddled with vague and unsupported statements such as Tesla "possessed the specific intent to induce direct infringement of the [Asserted Patents'] claims by end-users and other third parties." *See* Dkt. 1 at ¶¶ 36–38, 48–51, 62–65, 76–79, 90–93, 104–107, 118–121, 132–135. Similarly, the Complaint lacks any allegations that rise to the egregious behavior

required for willful infringement. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.,* 579 U.S. 93, 103–104 (2016).

Thus, Bulletproof fails to meet the pleading standard of *Iqbal/Twombly* for its direct, indirect, and willful infringement claims. By doing so, Bulletproof prejudices Tesla's ability to adequately answer Bulletproof's Complaint and prepare defenses in this case. As such, all claims of Bulletproof's Complaint should be dismissed for failure to state a claim.

## II. LEGAL STANDARD

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("[W]e do not credit conclusory allegations or allegations that merely restate the legal elements of a claim."). For patent cases in particular, it is well established that "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.,* 4 F.4th 1342, 1353 (Fed. Cir. 2021). Rather, a complaint must allege some factual allegation that "articulate[s] why it is plausible that the accused product infringes the patent claim." *Id.* at 1353.

This Court has routinely dismissed complaints with conclusory allegations of infringement. *Grecia Estate Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 916 (W.D. Tex. June 6, 2022) (dismissing claims because "mere recitation of claim language…is insufficient to assert a claim, even on a motion to dismiss"); *Vervain, LLC v. Micron Tech., Inc.*, 2022 WL 23469 at *5 (W.D. Tex. Jan. 3, 2022) (granting motion to dismiss where "complexity and materiality of the claims" pleadings required "more than attaching photos of the Accused Products and summarily alleging that each and every limitation is satisfied."); *De La Vega v. Microsoft Corp.*, 2020 WL

3528411 at *6–7 (W.D. Tex., Feb. 11, 2020) (dismissing claims where plaintiff presented three screenshots of evidence without any description of how the accused instrumentality met the limitation); *Ortiz & Assocs. Consulting, Inc. v. Ricoh USA, Inc.*, 2023 WL 2904583 at *4 (W.D. Tex. Apr. 11, 2023) (dismissing claims where plaintiff failed to present evidence as to one limitation of the asserted claim).

To properly plead induced infringement under 35 U.S.C. § 271(b), a complaint must allege facts showing that a defendant: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006). Similarly, to properly plead contributory infringement under 35 U.S.C. § 271(c), a complaint must allege facts plausibly showing the accused infringer sells within or imports into the United States a component of a patented apparatus or one for use in practicing a patented process and: "1) that there is direct infringement, 2) that the accused infringer had knowledge of the patent, 3) that the component has no substantial noninfringing uses, and 4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).

To state a claim for willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks LLC v. Cisco Sys., Inc.*, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (quoting *Valinge Innovations AB v. Halstead New England Corp.*, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).

3

### III.     ARGUMENT

#### A.     Bulletproof's Direct Infringement Claims Should Be Dismissed

Bulletproof asserts seven patents that contain 128 unique claims: U.S. Patent No. 11,932,230 ("the '230 Patent"); U.S. Patent No. 12,221,104 ("the '104 Patent"); U.S. Patent No. 12,227,184 ("the '184 Patent"); U.S. Patent No. 12,233,871 ("the '871 Patent"); U.S. Patent No. 12,240,456 ("the '456 Patent"); U.S. Patent No. 12,240,457 ("the '457 Patent"); U.S. Patent No. 12,240,458 ("the '458 Patent") (collectively, the "Asserted Patents"). *See generally* Dkt. 1, Ex. 1–7. The Complaint does not identify even one asserted claim for any of the Asserted Patents. At most, the Complaint refers to an email purportedly sent by the inventor to Tesla in May 2024 identifying certain claims of the '230 Patent as infringed. *See* Dkt. 1 at ¶¶ 25–26, 32. But this statement does not identify the claims Bulletproof asserts in this action. *Id.* at ¶¶ 39–44. And regardless, there is no such statement for the other six patents.

Moreover, Bulletproof does not attempt to demonstrate how any Tesla product purportedly satisfies any of the claim limitations. Bulletproof's direct infringement allegations contain nothing more than a parroting of the language of 35 U.S.C. § 271(a):

> 42. Tesla has infringed and continues to directly infringe the '230 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '230 Patent.
>
> 43. By making, using (e.g., testing), offering to sell, selling, distributing, allowing use of, exporting from, and/or importing into the United States the Accused Products, Tesla and all Defendants have injured Plaintiff and are liable to Plaintiff for directly infringing one or more claims of the '230 Patent.

*See* Dkt. 1 at ¶¶ 42–43; *see also id.* at ¶¶ 56–57 (same for '104 Patent), 70–71 (same for '184 Patent), 84–85 (same for '871 Patent), 98–99 (same for '456 Patent), 112–113 (same for '457 Patent), 126–127 (same for '458 Patent). Bulletproof repeats this language for each

4

Asserted Patent despite each patent having different claims with different limitations. *See id.* Whereas the "mere recitation of claim elements and corresponding conclusions, without supporting factual allegations, is insufficient to satisfy the *Iqbal/Twombly* standard," the Complaint here fails to even do that (as it does not identify specific claims or specific claim limitations) and is therefore insufficient. *Bot M8*, 4 F.4th at 1355; *see also Vervain*, 2022 WL 23469 at *2–5; *Ortiz,* 2023 WL 2904583 at *4.

Bulletproof's only "analysis" consists of the conclusion that Tesla's AutoShift feature "illicitly incorporates the '230 Patent's invention" and "infringe[s] the Follow-On Patents because it uses essentially the same process and system as Mr. Langlotz invented and patented as embodied in the Follow-On Patents." *See id.* at ¶¶ 9, 37. Bulletproof provides no explanation or factual content whatsoever to demonstrate *how* the Accused Products purportedly meet any of the asserted claim limitations from even a single claim. The pleading standard plainly requires more. *See, e.g.*, *Iqbal*, 556 U.S. at 678–79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

This Court has routinely dismissed complaints that contain **more** factual allegations than Bulletproof provided here. In *Ortiz & Associates Consulting, LLC v. Ricoh USA, Inc.*, the plaintiff provided claim charts mapping the claim language to details of the accused product but neglected to provide mapping for **one limitation** of the claim. *See* 2023 WL 2904583 at *4 (W.D. Tex. Apr. 11, 2023). This Court concluded the plaintiff failed "to plausibly suggest that the accused product meets each limitation of the asserted claim" and dismissed all claims of the complaint. *Id.* Similarly, in *Vervain, LLC v. Micron Technology*, this Court granted a motion to dismiss where the complaint asserted that the accused device used a "wear-leveling" process but failed to explain how that process allegedly practiced certain limitations of the asserted claim. *See* 2022 WL 23469,

at *3–7 (W.D. Tex. Jan. 3, 2022). Instead, the complaint "merely track[ed] the claim language" and included a conclusory allegation that the wear-leveling process satisfied the claim. *Id.* at *7 (citing *Bot M8*, 4 F.4th at 1353).

Here, Bulletproof does not identify the specific claim language purportedly infringed nor make any allegations on a limitation-by-limitation basis. In fact, Bulletproof does not even identify the asserted claims. As such, Bulletproof's direct infringement allegations are deficient and should be dismissed for failure to state a claim.

### B. Bulletproof's Indirect Infringement Claims Should Be Dismissed

Bulletproof's failure to adequately plead any underlying act of direct infringement also dooms its indirect infringement claims. *BillJCo, LLC v. Apple Inc.*, 583 F.Supp.3d 769, 774–775 (W.D. Tex. Feb. 1, 2022) ("[T]here can be no inducement or contributory infringement without an underlying act of direct infringement. To state a claim for indirect infringement . . . a plaintiff need not identify a specific direct infringer if it pleads facts sufficient to allow an inference that at least one direct infringer exists.") (internal citations omitted). But in addition, Bulletproof fails to adequately plead inducement or contributory infringement.

#### 1. Bulletproof Does Not Adequately Plead Inducement

Bulletproof does not adequately plead any of the three requirements of inducement: (1) actual knowledge of the Asserted Patents; (2) knowingly inducing a third party to infringe; or (3) specific intent to induce infringement. *See DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006); *Parity Networks LLC v. Cisco Sys., Inc.*, 2019 WL 3940952, at *2 (W.D. Tex. July 26, 2019) ("To adequately plead a claim of induced infringement, a plaintiff must demonstrate that 'the defendant knew of the patent and that the induced acts constitute infringement.'"); *Roche Diagnostics Corp. v. Meso Scale Diagnostics*, LLC, 30 F.4th 1109, 1117–18 (Fed. Cir. 2022). The bare conclusions in the Complaint are insufficient.

First, Bulletproof fails to plead any facts related to the knowledge requirement for the '104 Patent, '184 Patent, '871 Patent, '456 Patent, '457 Patent, or '458 Patent. *See Aguirre v. Powerchute Sports, LLC*, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011) ("Absence of knowledge is a fatal flaw in a claim for indirect patent infringement."). For each, Bulletproof only states that Tesla "knew about the [Asserted Patent] and the Accused Products' infringement of that patent." *See* Dkt. 1 at ¶¶ 48, 62, 76, 90, 104, 118, 132. These conclusory statements provide no factual support for Bulletproof's allegation of pre-suit knowledge. *See Castlemorton Wireless, LLC v. Bose Corp.*, 2020 WL 6578418, at *5 (W.D. Tex. July 22, 2020) (dismissing indirect infringement claims because the "complaint does not plead any facts that would support an allegation of pre-suit knowledge").[1]

Second, Bulletproof fails to plead that Tesla knowingly induces any third party to infringe. The Complaint does little more than conclude Tesla induces infringement. *See* Dkt. 1 at ¶¶ 49, 63, 77, 91, 105, 119, 133. Bulletproof provides no explanation as to what acts of Tesla constitute inducement. Nor does it plead facts from which Tesla could discern "the induced acts [that] constitute infringement." *See Parity Networks LLC*, 2019 WL 3940952, at *2. At most, the Complaint includes a laundry list of actions that Bulletproof alleges constitute infringement:

> Tesla and all Defendants knew or should have known that testing, demonstrating, marketing, making, using, offering to sell, selling, distributing, allowing use of, implementing, and/or providing the Accused Products constituted infringement of one or more of the claims of the [Asserted Patents] for all the reasons set forth in the previous paragraphs.

---

[1] To the extent that Bulletproof argues that knowledge of '230 Patent is sufficient, this Court has clearly stated it will not "establish a rule that notice of one patent in a portfolio or large family constitutes constructive notice of every patent in that portfolio or family." *See BillJCo, LLC*, 583 F. Supp. 3d. at 776.

*See* Dkt. 1 at ¶¶ 51, 65, 79, 93, 107, 121, 135.  But Bulletproof provides no context or facts that explain (or allow Tesla to infer) how general actions like "testing, demonstrating, marketing, making, using, offering to sell, selling, distributing, allowing use of, implementing, and/or providing" constitute inducement.  As a result, Bulletproof fails to put Tesla on notice as to which specific acts purportedly give rise to inducement.  *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see also Twombly*, 550 U.S. at 555 (stating a claim "requires more than labels and conclusions").

Third, the Complaint fails to adequately plead Tesla possessed the necessary specific intent for inducement.  Bulletproof's allegations of inducement again simply conclude Tesla had specific intent, without explanation or corroboration.  *See* Dkt. 1 at ¶¶ 50, 64, 78, 92, 106, 120, 134.  This threadbare allegation does not meet the "demanding specific intent requirement for a finding of induced infringement."  *See Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014); *see also id.* at *3 ("[A] claim of induced infringement must contain facts plausibly showing that [the defendants] specifically intended their customers to infringe the [asserted] patent and knew that the customer's acts constituted infringement.") (internal citation and quotations omitted); *Traxcell Techs., LLC v. Verizon Wireless Pers. Commc'ns, LLP*, 2022 WL 299732, at *1 (W.D. Tex. Jan. 31, 2022) ("An inducement claim cannot 'simply recite[] the legal conclusion that Defendants acted with specific intent.'") (internal citation omitted).  Indeed, specific intent requires "evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities."  *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, 2021

WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (quoting *DSU Med. Corp.,* 471 F.3d at 1306). Such evidence is completely absent from Bulletproof's Complaint.

Bulletproof's boilerplate and repetitive allegations are wholly deficient and should therefore be dismissed. *See Iron Oak Techs. v. Acer Am. Corp.*, 2017 WL 9477677, at *6 (W.D. Tex. Nov. 28, 2017) (recommending dismissal of induced infringement claim because the plaintiff did "not provide, nor cite to, sufficient factual content" to state a plausible claim); *Affinity*, 2014 WL 2892285, at *7 (dismissing induced infringement claims for failure to allege how party induced infringement).

### 2.     Bulletproof Does Not Adequately Plead Contributory Infringement

To state a claim for contributory infringement, a plaintiff must "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Inhale, Inc. v. Gravitron, LLC*, 2018 WL 7324886, at *2 (W.D. Tex. Dec. 10, 2018). Despite including contributory infringement in the Prayer for Relief, Bulletproof provides no facts or allegations related to this claim. *See* Dkt. 1 at Prayer for Relief, A.iii. Nowhere in its Complaint does Bulletproof contend Tesla is selling only a component of the alleged invention, let alone that any such component has no non-infringing uses. Indeed, Bulletproof does not even identify a component. As such, Bulletproof's claims of contributory infringement should be dismissed. *See Iron Oak Techs., LLC, v. Dell, Inc.*, 2018 WL 1631396, at *2 (W.D. Tex. Apr. 4, 2018) (dismissing claim for contributory infringement where the "amended complaint does not identify the component, material, or apparatus that allegedly contributes to the direct infringement of either patent"); *BillJCo*, 583 F. Supp. 3d at 782 (dismissing claim for contributory infringement where plaintiff alleged that products "have no substantial noninfringing uses" but "offer[ed] nothing to support this contention") (internal citations omitted).

### C. Bulletproof's Willful Infringement Claims Should Be Dismissed

Claims of willful infringement cannot succeed without a finding of direct or indirect infringement. *See* 35 U.S. Code § 284. As discussed above, Bulletproof's direct and indirect infringement claims are wholly insufficient. On that basis alone, Bulletproof's willful infringement claims should be dismissed as to all Asserted Patents.

Bulletproof's willfulness allegations against the six of the patents (all patents other than the '230 Patent) should be dismissed for an additional reason: the Complaint does not adequately plead Tesla had sufficient knowledge or acted with egregious conduct that would amount to willfulness. "Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages." *See WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). A pleading of willfulness also requires that "after acquiring [knowledge of the patent], [the accused infringer] infringed the patent and [] in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks*, 2019 WL 3940952, at *3. Further, willfulness requires "[t]he sort of conduct . . . [that] has been variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103–104 (2016).

Here, Bulletproof fails to plead any facts to allege knowledge of the '104 Patent, '184 Patent, '871 Patent, '456 Patent, '457 Patent, or '458 Patent. *See Inhale*, 2018 WL 7324886, at *3 (granting a motion to dismiss where the "complaint wholly lacks factual allegations raising a reasonable inference of pre-suit knowledge of the [asserted patent]."). And further, Bulletproof failed to show Tesla knew its conduct was infringing the '104 Patent, '184 Patent, '871 Patent, '456 Patent, '457 Patent, or '458 Patent. Bulletproof only alleges that the six related patents are willfully infringed because Tesla allegedly "uses essentially the same process and system as Mr. Langlotz invented and patented as embodied in the Follow-On Patents." But this is insufficient to

10

show any infringement at all, much less the sort of egregious conduct that would support a finding of willfulness. *See Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) ("Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness. Rather, willfulness requires deliberate or intentional infringement.") (citation omitted); *see also supra* Section III.A.

Bulletproof's claims for willful infringement therefore should be dismissed.

## IV.   CONCLUSION

For the reasons set forth above, Tesla respectfully requests that this Court dismiss this action in its entirety for failure to state a claim.

| | |
|---|---|
| Dated: July 21, 2025 | Respectfully Submitted,<br><br>FISH & RICHARDSON P.C.<br><br>By: */s/ David M. Hoffman*<br>David M. Hoffman<br>Texas Bar No. 24046084<br>hoffman@fr.com<br>111 Congress Avenue, Suite 2000<br>Austin, TX 78701<br>Tel: (512) 472-5070<br>Fax: (512) 320-8935<br><br>**COUNSEL FOR DEFENDANT,<br>TESLA, INC.** |

## CERTIFICATE OF CONFERENCE

Pursuant to Local Court Rule CV-7(g), counsel for the parties conferred regarding the substance of this motion via Zoom on July 18, 2025, and Plaintiff stated that it opposes this motion.

*/s/ David M. Hoffman*
David M. Hoffman

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on July 21, 2025, and it was served via CM/ECF on all counsel of record.

*/s/ David M. Hoffman*
David M. Hoffman