**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **BULLETPROOF PROPERTY MANAGEMENT LLC,** | |
| **Plaintiff,** | **Case No. 1:25-cv-665-ADA** |
| **v.** | **JURY TRIAL DEMANDED** |
| **TESLA, INC.; JOHN DOES Nos. 1-20, unknown persons,** | **PUBLIC VERSION** |
| **Defendants.** | |

**DEFENDANT TESLA INC.'S REPLY IN SUPPORT OF OPPOSED MOTION TO
TRANSFER VENUE TO THE NORTHERN DISTRICT OF CALIFORNIA
<u>UNDER 28 U.S.C. § 1404(a)</u>**

Bulletproof's opposition makes clear there are no meaningful connections between the subject matter of this case and this District.  Bulletproof does not dispute that no one involved in the development of the accused AutoShift Software resides in this District, that the relevant documents are not stored this District, and that there are no relevant third parties in this district.  Given these facts, it is hardly surprising that each of Bulletproof's arguments in opposition either fail completely or cannot possibly shift the balance of factors away from transfer.

Bulletproof's lead argument for remaining in this District is the assertion that its owner Mr. Langlotz plans to ███████████████████████████████████████████ Langlotz Dec. at ¶7; *see also* Opp at 1.  To be clear, Mr. Langlotz lives on ███████████████, approximately 215 miles away.  *Id.*  It is a preposterous notion that he is going to commute at least 7 hours per day for the entirety of the trial.  This assertion deserves no weight.

Nor is it relevant that Tesla manufactures vehicles in Austin, as the Accused Features in this case are in software.  Bulletproof has not identified a single person located in this district that has any relevant technical knowledge.  This makes sense as the worker that bolts on tires or installs a dashboard has absolutely no relevant knowledge here.  The relevant technical knowledge resides

████████████████████████████████████████████

███████████████████████ The  evidence  shows  that  ████████████████████████ █████████████████████████.  Indeed, as discussed in detail below, Bulletproof makes no argument in opposition that changes the reality that most of the transfer factors for this case tilt strongly towards transfer and the others are neutral.  No factor tilts against transfer.

A.      **The Private Interest Factors Lean Strongly Towards Transfer**

As set forth in Tesla's motion, each of the private interest factors heavily favor transfer. Nothing revealed in discovery changes that fact.  First, with regard to the sources of proof, Bulletproof admits ██████████████████████████████████████ Opp. at

8. This concession is essentially dispositive for this factor, because Bulletproof does not identify any one in the district that has access to the relevant documents. *See Smart Mobile Techs. LLC v. Apple Inc.*, 2023 WL 5540152, at \*5 (W.D. Tex. Aug. 28, 2023) (factor favors transfer because "the custodians of Apple's relevant [electronic] documents are likely located in the NDCA"). Bulletproof's counter-argument (at 9) that the relevant witnesses (███████████████████ ████) could travel from California to this District and then access those servers remotely from here seeks to turns this entire factor on its head. The relevant question is not whether files can theoretically be accessed by someone visiting this district, but whether there is a custodian resident in this district with the requisite rights to do so. Bulletproof has failed to identify anyone in this district that has access to the relevant documents, ██████████████████

Similarly, Bulletproof's argument (at 10) that the relevant witnesses could travel from California to Austin also misses the entire point of the transfer analysis. The inquiry is about the actual convenience of the witnesses—not what they could do under Court or corporate command. The fact that some (but not all) of the relevant witnesses ████████████████████ ████████does not change the fact that a week or more away from one's home and family is much less convenient than a trial at home. Nor is Bulletproof's unfounded speculation about some trial witnesses being cumulative relevant here. It is Tesla, not Bulletproof, that chooses its witnesses.

Bulletproof's reliance on Mr. Langlotz's convenience is also entirely misplaced. Mr. Langlotz does not live in this District. Opp. at 10. He nonetheless claims that he ███████████ ████████████████████████ each day  Opp. at 10; *see also* Langlotz Dec. at ¶7. As noted above, this assertion is quite simply ridiculous. Even assuming no traffic or accidents on I-35— which cannot be assumed—that is at least 7 hours per day driving (at an average speed of 65 mph)

2

in addition to a full trial day.[1]  While this commuting claim entirely lacks credibility, a single flight from Dallas to California will save Mr. Langlotz approximately 28 hours of travel time over a five-day trial.  Indeed, the four hour flight to San Jose is roughly equivalent to a single drive from his home to Austin.  As such, a trial in California is either considerably more time efficient or largely neutral for Mr. Langlotz compared to driving to Austin each day, as he proposes.  *See, e.g.*, *10Tales, Inc. v. TikTok Inc.*, 2021 WL 2043978 at *4 (W.D. Tex. May 21, 2021) (finding that certain witnesses outside the forum "will be inconvenienced by extensive travel regardless of the forum.").

Bulletproof's identification of two financial employees and one legal employee also does not change the outcome here.  While Bulletproof claims in its opposition that ███████████ █████████ have relevant knowledge, the cited evidence does not support that claim.  ███████████ ███████████████████████████████████████████████ ████████████████████████████████████.  Bulletproof does not show that these two witnesses actually have any specific knowledge of the sales or marketing of the accused products.  However, the undisputed evidence set forth in Tesla's motion establishes that ███████████████████ ████████████████████████.  *See* Mot. at 6.

With regard to its proposition that a legal employee can be relevant to the transfer analysis, Bulletproof points to *SMR Innovations v. Apple*, which involved two "Boulder IP Attorneys" that were alleged to have specific relevant knowledge.  756 F. Supp. 3d 453, 462 (W.D. Tex. 2024). Even if IP Attorneys could be relevant in certain cases,  Mr. Ehrhart is Tesla's General Counsel.

---

[1] Plus, Mr. Langlotz drives a Tesla Cybertruck and would need to charge it midtrip. Even if he was fortunate enough to have access to a Tesla Supercharger each day with no waiting, that still likely adds another 20-30 minutes per day of driving to/from and charging.

He is never mentioned in the Complaint, is never alleged to have any specific knowledge regarding this case or the Accused Features, and is not in Telsa's IP group.

Ultimately, Bulletproof identifies no knowledgeable witnesses in this District while conceding there are numerous relevant witnesses in N.D. Cal. *See* Opp. at 11. Similarly, Bulletproof identifies no third parties in this District whereas Bulletproof does not dispute that there are knowledgeable third parties located in the N.D. Cal. Opp. at 9. Even if Bulletproof is correct that this factor is entitled to slightly less weight because none the identified third-party witnesses have outright refused to travel, it cannot be denied that a trial where they live would be more convenient than one in Texas. Regardless, as Bulletproof identifies no third party witnesses in this district, it is undeniable that this factor tilts heavily in favor of transfer.

Lastly, Bulletproof argues that it ███████████████████████████ ███████████████████████████████ Opp. at 12. Mr. Langlotz even goes so far as to assert that he is ███████████████████████████████ ██████████ Langlotz Dec. at ¶4. Bulletproof's ███████████████████, however, contradict the record. Bulletproof retained counsel based in New York rather than Austin, which means that Bulletproof already intended to arrange for hotel and travel for an entire legal team—not to mention the costs of hiring experts, paying for transcripts, etc.—all of which are far more than the cost of a single plane ticket and hotel stay. Beyond this, Mr. Langlotz testified in deposition that ███████████████████████████████████ and now owns a Cybertruck. Ex. 1 (Langlotz Depo. at 57:1-58:10). The claim that Mr. Langlotz's █████████ ████████████████████ would be adversely impacted by a plane ticket and hotel in California is dubious at best, especially since he would practically need to stay in a hotel in Austin as well.



4

**B.      The Public Interest Factors Also Tilt Towards Transfer or are Neutral**

Bulletproof's arguments with regard to tax breaks and the local interest cannot stand-up in view of this Court's prior orders. For example, in *SMR Innovations v. Apple*, this Court explained "the tax breaks provide some public and local interest in having this case decided in WDTX, however, it is strenuously tied to this case at best. Alternatively, the events in developing the accused products in N.D. Cal. are much more directly tied to the infringement allegations that make up this claim. Therefore, this factor is in favor of transfer." 756 F. Supp. 3d at 467-68. The same holds true here. Bulletproof does not link any tax break to the development of any Accused Functionality.

Similarly, while Tesla may have many Austin area employees, Bulletproof has not identified a single employee that had any involvement or concern about the Accused Features. As this Court has recognized (also in the *SMR* case) "Courts should not heavily weigh a party's general contacts with a forum that are untethered from the lawsuit, such as a general presence." *Id.* Bulletproof concedes that the Accused Features were developed in the N.D. Cal., which in line with *SMR* provides a "significant connection between [N.D. Cal]…and the events that gave rise to the suit." *Id.*

With regard to the congestion factor, Bulletproof argues that Tesla's reference to a case involving transfer to the C.D. Cal is not relevant, but they miss the underlying point of the case, which looked at *In re Apple* (a N.D. Cal. transfer) where the CAFC found court congestion neutral between N.D. Cal. and WDTX. *See In re Hulu, LLC,* 2021 WL 3278194, at *5 (Fed. Cir. 2021). This is especially true where the plaintiff does not practice its patent. *See* Mot. at 12. Bulletproof's opposition does not contest that both forums are familiar with the law and that there are no conflict of laws issues, so these final two factors are agreed to be neutral.

5

Dated: January 30, 2026

Respectfully Submitted,

FISH & RICHARDSON P.C.

By:   */s/ David M. Hoffman*

David M. Hoffman
Texas Bar No. 24046084
hoffman@fr.com
111 Congress Avenue, Suite 2000
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

Aamir A. Kazi
Georgia Bar No. 104235
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005
Fax: (404) 892-5002

TESLA, INC.

Gina Cremona (admitted to W.D. Tex.)
gcremona@tesla.com
Tel: (650) 647-0015
Terry Ahearn (admitted to W.D. Tex.)
tahearn@tesla.com
Tel: (707) 991-0552
1501 Page Mill Road, Bldg. 6
Palo Alto, CA 94304

**COUNSEL FOR DEFENDANT,
TESLA, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was served on January 30, 2026, via electronic mail on all counsel of record.

*/s/ David M. Hoffman*
David M. Hoffman

6