**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| **BULLETPROOF PROPERTY MANAGEMENT LLC,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**TESLA, INC.; JOHN DOES Nos. 1-20, unknown persons,**<br><br>    **Defendants.** | **Case No. 1:25-cv-665-ADA** |

**PLAINTIFF BULLETPROOF PROPERTY MANAGEMENT LLC'S RESPONSE TO DEFENDANT TESLA, INC.'S OPPOSED MOTION TO STAY PENDING COMPLETION OF *INTER PARTES* REVIEW**

1

Plaintiff Bulletproof Property Management LLC ("Bulletproof") files this response to Defendant Tesla, Inc.'s ("Tesla") Opposed Motion to Stay Pending Completion of *Inter Partes* Review ("Motion," Dkt. No. 40). For the following reasons, the Motion should be denied.

## INTRODUCTION

The Court should deny Tesla's tactical motion for a stay that seeks to delay Bulletproof's day in court. Tesla waited nearly two years after becoming aware of Bulletproof's patent in March 2024 to file its *inter partes* review ("IPR") petitions in January 2026. And Tesla did not even seek to stay this action after it filed these IPRs in January. Rather, it proceeded to agree to a scheduling order setting a trial date in this action within a month of the IPR decision. Only after Judge Albright was forced to recuse himself due to potential conflicts and vacate the trial date—several months later—did Tesla move for a stay. Tesla's unreasonable delay in filing the IPR petitions and seeking a stay should not be allowed to prejudice Bulletproof's timely enforcement of its patent rights in this Court.

Moreover, Tesla's Motion is based on the unfounded assumption that the PTAB will actually institute all of the IPRs. Yet if the PTAB declines to institute the IPRs, or only institutes some subset of them, this case's issues would not be simplified by a stay. Indeed, without knowing which (if any) of the IPRs is instituted, the Court cannot reasonably make such a determination and thus the Motion is premature. Relatedly, the Court should not now decide Tesla's Motion for a stay when a new judge will be taking over the matter. The incoming judge should not be hamstrung by needing to dissolve a stay that he or she did not order. For these and all the following reasons, Plaintiff respectfully requests that the Court deny Tesla's Motion for a stay.

## **RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

On or about March 19, 2024, after the United States Patent and Trademark Office ("USPTO") officially granted and issued the U.S. Patent No. 11,932,230 (the "'230 Patent"), Bennet Langlotz, Bulletproof's sole principal, sent a letter to Tesla attaching the '230 Patent to propose discussions about licensing. *See* Am. Compl. ¶ 29, Dkt. No. 18. In response, Tesla's counsel replied to Mr. Langlotz's letter via email on or about May 2, 2024. However, Bulletproof and Tesla never entered into a licensing agreement regarding the '230 Patent. Nevertheless, in mid-May 2024, Tesla provided a software update to its vehicles that infringes the '230 Patent.

Mr. Langlotz immediately wrote a cease-and-desist letter to Tesla's counsel via email on May 15, 2024, averring that Tesla is infringing the '230 Patent. Tesla did not meaningfully address Mr. Langlotz's letter, as Tesla continued to use the feature under the '230 Patent that Mr. Langlotz invented and patented. In early 2025, the USPTO issued six (6) follow-on patents to Bulletproof related to the '230 Patent: U.S. Patent No. 12,221,104 (issued Feb. 11, 2025); U.S. Patent No. 12,227,184 (issued Feb. 18, 2025); U.S. Patent No. 12,233,871 (issued Feb. 25, 2025); U.S. Patent No. 12,240,456 (issued Mar. 4, 2025); U.S. Patent No. 12,240,457 (issued Mar. 4, 2025); U.S. Patent No. 12,240,458 (issued Mar. 4, 2025) ("Follow-On Patents," and together with the '230 Patent, "At-Issue Patents"). Mr. Langlotz did not reach out to Tesla regarding the Follow-On Patents because preliminary discussions with Tesla's counsel regarding the '230 Patent had been fruitless. *See* Am. Compl. ¶ 12.

Consequently, on May 5, 2025, Bulletproof filed its initial Complaint against Tesla in this Court, asserting infringement of the At-Issue Patents. Subsequently, on July 21, 2025, Tesla filed motions to dismiss for failure to state a claim and to transfer venue to the Northern District of California. In response to Tesla's motion to dismiss, Bulletproof amended its Complaint. However,

3

Tesla moved again to dismiss the Amended Complaint for failure to state a claim. Bulletproof stipulated to dismiss without prejudice certain claims that were the subject of Tesla's second motion to dismiss. Tesla's second motion to dismiss became moot, and it answered on September 30, 2025. *See* Dkt. No. 24. Since Tesla moved to transfer venue, the parties engaged in comprehensive venue discovery, including multiple rounds of written discovery and three (3) separate depositions. The deadline to complete venue discovery was extended twice by consent of the parties to allow for its completion on December 26, 2025. *See* Dkt. Nos. 25–26. Thereafter, the motion to transfer venue was fully briefed and submitted on January 30, 2026. *See* Dkt. Nos. 14, 30, 31. It remains pending before this Court.

In January 2026, Tesla filed IPR petitions for all seven (7) of the At-Issue Patents. The expected time for the institution decisions is July 27, 2026, and for the final written decisions is July 27, 2027. On March 2, 2026, Bulletproof and Tesla filed a joint Case Readiness Status Report. *See* Dkt. No. 34. Subsequently, on April 1, 2026, Bulletproof filed the Joint Motion for Entry of Scheduling Order. *See* Dkt. No. 36. The next day, the Court entered the Scheduling Order setting forth the deadlines for the proceedings, which did include a set claim construction hearing date, and a trial date that was within one month of any final written decision in the IPR proceedings. *See* Dkt. No. 37. However, on April 23, 2026, the Court abruptly vacated all hearings, pretrial conferences, and trial dates for this case (among other cases assigned to the Honorable Alan D. Albright) "[d]ue to the potential for future conflicts." *See* Dkt. No. 38. Then, Tesla filed this instant Motion. As a result of Judge Albright's recusal, Plaintiff did agree to brief extensions of deadlines until mid-August, considering there is no presiding judge, and thus no way to determine what schedule the new Court will order.

4

## ARGUMENT

"[T]he question whether to stay proceedings pending *inter partes* review of a patent is a matter committed to the district court's discretion." *Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, 2019 WL 11706231, at * 1 (W.D. Tex. May 30, 2019) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988)). However, the courts generally agree that "there is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule 'would invite parties to unilaterally derail litigation.'" *Realtime Data, LLC v. Rackspace US, Inc.*, 2017 WL 772654, at *2 (E.D. Tex. Feb. 28, 2017) (citation omitted). In deciding whether to stay proceedings, courts analyze a three-factor test: "(i) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (ii) whether a stay will simplify the issues in question and trial of the case; and (iii) whether discovery is complete and whether a trial date has been set." *Murata Machinery USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016) (citation omitted). The weighing of these three factors militates against a stay of this action.

I. **A Stay Would Unduly Prejudice and Present a Clear Tactical Disadvantage to Plaintiff Including Because Tesla Waited Years to File Its IPRs and Did Not Soon Thereafter Seek a Stay**

"As a patent holder, [Plaintiff] has an 'interest in the timely enforcement of its patent right.'" *Multimedia Content Mgmt. LLC*, 2019 WL 11706231, at *2 (citation omitted). And despite the Motion's assertions to the contrary, *see* Mot. at 7–8, Bulletproof is prejudiced by a delay even though it is a non-practicing entity. *See Realtime Data, LLC*, 2017 WL 772654, at *4 ("The fact that [plaintiff] is a non-practicing entity and is merely pursuing monetary damages would not preclude [plaintiff] from experiencing prejudice if the Court granted Defendants' motion to stay."). Indeed, as in other cases, Bulletproof will be prejudiced because "a stay . . . would create a substantial delay that could cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and

5

memories fade." *Allvoice Devs. US, LLC v. Microsoft Corp.*, 2010 WL 11469800, at \*4 (E.D. Tex. June 4, 2010).

Here, Tesla is not entitled to further delay this case after it tarried in filing the IPRs and moving for a stay. Significantly, Tesla was aware of the '230 Patent in March of 2024. In May 2024, Mr. Langlotz even sent a cease-and-desist letter to Tesla averring that it was infringing some of Plaintiff's '230 Patent claims. *See* Am. Compl. ¶ 32. Surely, Defendant could have filed an IPR petition in May 2024 after being accused of infringing Bulletproof's '230 Patent. However, it did not. Tesla also did not file its IPR petitions after Plaintiff commenced this action in May 2025, which included claims for infringement of the Follow-On Patents. Defendant waited almost two years after becoming aware of the '230 Patent, until after Plaintiff commenced this action, and after the end of venue discovery, to file its IPR petitions in January 2026. Moreover, Tesla did not even seek a stay of this action after it filed the IPRs. Instead, the parties negotiated and filed the Joint Motion for Entry of Scheduling Order on April 1, 2026, which the Court entered the next day. *See* Dkt. Nos. 36–37.

Additionally, Tesla's argument that Bulletproof "has repeatedly agreed to extend the schedule" and "cannot credibly claim that a further pause prejudices its ability to collect damages" is misplaced, as Plaintiff merely agreed to short and reasonable extensions appropriate to the circumstances of the case. Mot. at 8. Venue discovery involved multiple rounds of written discovery and three (3) separate depositions, which necessitated a slightly longer time for completion. Similarly, Judge Albright's recusal militated in favor of a small pause in deadlines because the parties cannot possibly know what kind of schedule the incoming Judge will want. Tesla should not benefit from Bulletproof's acting like a reasonable litigant (and litigation partner) when the circumstances of the case warranted short extensions.

In sum, Tesla should not be allowed to further delay these proceedings and prejudice Bulletproof after it waited years to file its IPRs and then delayed in seeking a stay. The Court should similarly not allow Tesla to take advantage of Judge Albright's recusal for potential conflicts when none of the IPRs have been instituted, as discussed in the following sections.

## II.    The Second Factor Weighs Against a Stay Because the PTAB Has Not Instituted Any IPRs and Therefore the Analysis of Whether a Stay Will Simplify the Issues Is Indeterminate and Speculative

The Court should not stay this action purely based on speculation that the USPTO might institute all (or some) of Defendant's IPR petitions. As Tesla is forced to acknowledge, its IPR petitions have not yet been instituted. *See* Mot. at 2 ("The institution decision for each Asserted Patent is expected on or before July 27, 2026."). In other words, Tesla's argument that a stay would simplify the issues rests solely on the *mere possibility* that the PTAB will institute the IPRs. But Courts will deny a motion for a stay where "the PTAB has not instituted the IPRs, and it is not certain that it will. '[S]implification is entirely speculative at this time because the PTAB has not made its decision on whether to institute IPR.'" *Datanet LLC v. Dropbox Inc.*, 2023 WL 9005604, at *3 (W.D. Tex. Dec. 28, 2023) (quoting *Neo Wireless LLC v. Dell Techs. Inc.*, 2022 WL 2763139, at *1 (W.D. Tex. June 7, 2022)).

Moreover, if the USPTO decides to institute only some of the IPR petitions, it does not necessarily follow that the Court should stay this action. Although Tesla is correct that some courts do grant stays where IPR "review is instituted on only a subset of" at-issue patents, Mot. at 7, certain courts take the opposite tack, and "find[] this factor weighs against granting the stay . . . [where] the PTAB did not institute IPR of all claims at issue." *mCom IP, LLC v. Cisco Sys., Inc.*, 2022 WL 22891454, at *2 (W.D. Tex. Oct. 20, 2022). In one example, the court denied a stay where:

at least two of the asserted claims in this case are not the subject of instituted IPRs. If [Defendant] was subject to the full statutory estoppel provisions of Section 315 there would likely be some simplification of the issues. However, *given that there are asserted claims in this case that are not subject to IPR petitions, at this time there is no possibility that the IPR proceedings could fully resolve patent validity*. Thus, simplification would not be to the same extent as in the *HPE* action, where all claims are the subject of pending or instituted IPR petitions.

*Realtime Data*, 2017 WL 772654, at *3 (emphasis added). Here, it is not even certain that the IPR will institute *any* of the IPRs, but the Court should not decide what to do ahead of time if the PTAB institutes some unknown subset of the IPRs and not others. Rather, it should wait until the facts are developed, as it is possible that institution of a subset of the IPRs may not significantly simplify the issues. The speculative nature of Tesla's argument therefore weighs against a stay.

### III.    Defendant Should Not Be Allowed to Take Advantage of the Judge's Recusal for Conflicts That Caused the Trial Date to Be Vacated

The third factor considers "whether discovery is complete and whether a trial date has been set," but it should not be any aid to Tesla given the circumstances here. Notably, Tesla did not seek to stay this case when it filed its IPRs in January 2026. Rather, the parties filed a joint scheduling order in April 2026 which resulted in a trial date that was set within one month of any final written decision in the IPR proceedings. Indeed, Tesla did not move to stay these proceedings until Judge Albright recused himself "due to the potential for future conflicts," which caused the vacatur of "all hearings, pretrial conferences, and trial dates." Dkt. No. 38. Tesla is, whether implicitly or purposely, seeking to take advantage of Judge Albright's withdrawal due to potential conflicts, and the Court should not allow it to do so.

Relatedly, Defendant's Motion is premature and improper under the circumstances because it usurps the authority of the incoming judge. The newly assigned judge should be responsible for rendering a decision on whether to stay proceedings pending the IPR petitions, which may or may not be instituted in whole or in part. Accordingly, the Court should deny Defendant's Motion.

8

**CONCLUSION**

Tesla could have filed an IPR petition in 2024 when it first became aware of Plaintiff's original patent, or in May 2025 when this action was filed, and it could have asked the Court to stay the action in January 2026 when it first filed its IPR petitions. But Tesla did not. It is simply using the IPR petitions and Judge Albright's recusal as a pretext to delay these proceedings, especially considering the fact that the PTAB may not even institute some or all of the IPRs. To prevent further prejudice to the Plaintiff, the Court should deny Defendant's Motion.

**PATRICK DOERR LLP**

By:     /s/ Michael S. Marron

         Michael S. Marron (admitted *pro hac vice*)
         NY Bar No. 5146352
         michael.marron@patrickdoerr.com

         Robert J. Rando (admitted *pro hac vice*)
         NY Bar No. 2335537
         robert.rando@patrickdoerr.com

         1501 Broadway, Suite 2310
         New York, New York 10036
         Telephone: (212) 680-4052

**BUETHER JOE & COUNSELORS, LLC**

         Christopher M. Joe
         TX Bar No. 00787770
         Chris.Joe@BJCIPLaw.com

         1700 Pacific Avenue, Suite 4750
         Dallas, Texas 75201
         Telephone:    (214) 466-1272
         Facsimile:     (214) 635-1828

         **COUNSEL FOR PLAINTIFF BULLETPROOF PROPERTY MANAGEMENT LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document is being filed electronically in compliance with Local Rule CV-5(a) on June 29, 2026, and is being served electronically on all counsel of record.

/s/ *Michael S. Marron*
Michael S. Marron